WILLIAM H. SWEET, Appellant, *v.* HENRY J. MOWRY et al., Respondents.

Where, after the entry of judgment below upon a remittitur sent down from this court, a motion for reargument was granted, with a request to the Supreme Court to return the remittitur, which was done, and upon the reargument the former decision was reaffirmed, and the record sent back with a further remittitur ordering and adjudging as in the first remittitur, and granting costs in this court, *held*, that this left the orders and judgments below entered on the first remittitur unaffected ; that the resumption by this court of its jurisdiction of the appeal operated simply to suspend proceedings in the court below ; that the provisions of the first remittitur were not altered by the subsequent decision; that the award of costs in the latter related simply to costs on the second argument; and that, therefore, a motion to set aside judgments entered on the first remittitur was properly denied.

(Argued June 5, 1893; decided June 13, 1893.)

APPEAL from order of the General Term of the Supreme Court in the fourth judicial department, made December 9, 1892, which modified, and affirmed, as modified, an order of Special Term.

This was an action in equity brought by plaintiff as a tax-

payer to restrain defendants, the mayor, clerk, treasurer, common council and water board of the city of Syracuse, from executing certain statutes alleged by plaintiff to be unconstitutional. The complaint was dismissed by the Special Term, with costs separately to said city and said water board. Upon appeal, this judgment was modified by the General Term by declaring the main features of said statutes unconstitutional and void and restraining the exercise of any powers 'or functions by virtue thereof, and also by striking out the award of costs and granting costs of the appeal to plaintiff. Cross appeals were taken to this court, where the judgment of the General Term was reversed and that of the Special Term affirmed. The remittitur was sent down and an order for judgment granted thereon June 29, 1891. Judgments were thereafter entered July 27, 1891, in favor of the water board and the city and its officers for costs, which were paid. Subsequently, upon an application by plaintiff, this court granted an order for a reargument (see *Sweet* v. *City of Syracuse*, 128 N. Y. 680), and requested the Supreme Court to return the remittitur, which was done. Upon the reargument this court reaffirmed its former decision, with costs in this court to defendants. (*Sweet* v. *City of Syracuse*, 129 N. Y. 316.)

The motion herein was: *First.* To vacate the order of June 29, 1891, granted under the first remittitur and which authorized the entry of the judgments of July 27, 1891, and to vacate said judgments. *Second.* For a restitution of the costs paid on said judgments. *Third.* For a modification of the order of January 25, 1892, which was granted under the second remittitur and which authorized the entry of the second judgment by striking out of said order the words " costs of said appeal " and inserting instead thereof " costs in the Court of Appeals."

The following is the opinion in full:

" The granting of the motion for a reargument and request‑ ing the return of the remittitur were in resumption of our jurisdiction, and had no effect whatever on the proceedings already had in the court below upon the remittitur. After the reargument was had, our decision remained unchanged

and the record, returned to us, went back with a further remittitur, ordering and adjudging as in the first remittitur, and granting costs in this court. This left the orders and judgments below, entered upon the first remittitur, unaffected, as the result of the further proceedings in this court. The second order of this court, upon the reargument of the case, was simply a reaffirmance of our former decision, and was not, as the appellant argues, a new and exclusive decision of the appeal. The resumption by this court of its jurisdiction of the appeal operated simply to suspend proceedings in the courts below. We acquired thereby the power to alter our former judgment; but this we did not do, and there was nothing in the second remittitur to indicate that we did. Our first adjudication, as evidenced by the remittitur, was retained and again remitted to the court below, with an order annexed, which repeated the terms of the former adjudication and then gave costs in this court. That award of costs related, obviously, to the second argument in this court. To warrant the supposition that the provisions of the remittitur were altered by our subsequent decision, there should be some language expressive of that result.

"The order should be affirmed, with costs separately to respondents."

*Charles H. Peck* for appellant.

*C. L. Stone* for respondents.

GRAY, J., reads for affirmance.
All concur.
Order affirmed.