FRANKLIN BANK NOTE COMPANY, Respondent, *v.* CHARLES W.
MACKEY, Appellant.

1. MOTION FOR REARGUMENT — JURISDICTION OF COURT OF APPEALS.
It is competent for a judge of the Court of Appeals, after its remittitur
has been filed and order entered thereon in the court below, to make an
order to show cause why the return of the remittitur should not be
requested and a reargument granted, with a stay of proceedings in the
meantime. (Per BARTLETT, J., at Chambers.)

2. STAY OF PROCEEDINGS. The restriction imposed by section 775 of
the Code of Civil Procedure upon the power of a judge out of court to
stay proceedings for more than twenty days, except upon notice, does not
apply to a stay for the purpose of a motion for reargument of an appeal.
(Per BARTLETT, J., at Chambers.)

MOTION by the respondent to one of the judges of the
Court of Appeals, at Chambers, to vacate an order to show
cause and a stay of proceedings, granted to the appellant by
one of the judges out of court for the purpose of enabling
the appellant to move for a reargument after a decision of
affirmance.

The motion to vacate was made in July, 1898, during the
vacation of the court, and was denied on the thirtieth of that
month with the following opinion, in which the grounds of
the motion and the facts relating thereto are stated. For
report of the case, decided on reargument February 3, 1899,
see page 140 of this volume.

*William J. Gibson* for motion.

*Henry L. Burnett* and *Max J. Kohler* opposed.

BARTLETT, J. This is a motion made before me at Chambers,
in the city of New York, to vacate an order to show cause
and stay of proceedings herein granted by my brother GRAY
upon the grounds, *first*, that the remittitur having been filed,
and order entered thereon below, this court has no jurisdic-
tion; and that, *second*, the stay being for a longer period than
twenty days, is void. For the convenience of counsel resid-
ing in the city of New York, and at the request of Judge
GRAY, the motion is made before me.

The order to show cause and stay were granted under the
following state of facts: The case was decided by this court in
favor of plaintiff April 19, 1898. The remittitur was filed
with the clerk of the Supreme Court, city of New York,

April 25th, and an order entered, making the judgment of this court the judgment of the Supreme Court, May 16th. On the 24th day of June, 1898 — being the last day of the June session of the court — the counsel for defendant and appellant applied for an order requiring the plaintiff to show cause before the court on the first Monday of October, 1898, why the return of the remittitur herein should not be requested, and why a reargument of this cause should not be ordered, or if such reargument should not be deemed proper, why the remittitur should not be amended in certain respects. This order was granted by Judge GRAY with a stay of proceedings pending the hearing and determination of the application for reasons he deemed sufficient, and I am confined to the questions of jurisdiction and power. This is a motion that the court request the return of the remittitur by the court below for the purposes of the application. There is a very general misapprehension as to the practice of the court on motions for reargument or to amend the remittitur. It is often erroneously assumed that after the filing of the remittitur in the court below, and order entered thereon, this court is deprived of all jurisdiction in the cause. In *Sweet* v. *Mowry* (138 N. Y. 650) a motion for reargument was granted, and a return of the remittitur requested. These acts of the court were held to be in resumption of jurisdiction. In *Lawrence* v. *Church* (128 N. Y. 324) a motion to amend the remittitur was granted, and the order entered requested the return of the remittitur by the court below, and when so returned it was ordered to be amended. In *Moffett* v. *Elmendorf* (153 N. Y. 674) a motion to amend remittitur was granted, and order entered that the remittitur be recalled for that purpose. A like motion was granted in *Buchanan* v. *Little* (155 N. Y. 635). This later practice of the court is not necessarily inconsistent with the earlier cases, which hold that this court has no jurisdiction to grant a reargument or an amendment of the remittitur after the remittitur is filed and acted upon in the court below. ( *Wilmerdings* v. *Fowler*, 15 Abb. Prac. [N. S.] 86 ; *Jones* v. *Anderson*, 71 N. Y. 599 ; *Cushman* v. *Hadfield*, 15 Abb. Prac. [N. S.] 109 ; *People ex rel. Smith* v. *Village of Nelliston*, 79 N. Y. 638.) It is competent for this court to determine

whether it will resume jurisdiction for any purpose, and, having decided to do so, it then requests the court below to return the remittitur so that reargument can be had or the remittitur amended, as the case may be. It is technically true that this court must be repossessed of the remittitur before an order made in the cause is effectual, but there is no objection to the return of the remittitur following the determination of this court to resume jurisdiction. The Supreme Court is always reluctant to vacate its order and return the remittitur in the absence of an expression by this court that it desires such a course to be pursued. (*Hillyer* v. *Vandewater*, 11 N. Y. Suppl. 167.) I am of opinion that there was jurisdiction to grant the order to show cause herein.

The remaining question is whether the order staying proceedings pending the hearing and determination of the application is valid, being a stay for more than twenty days. The respondent insists that the stay is in violation of the Code of Civil Procedure (§ 775), which provides : " An order to stay proceedings in an action, for a longer time than 20 days, shall not be made by a judge, out of court, except to stay proceedings under an order or judgment appealed from, or where it is made upon notice of the application, to the adverse party, or in cases where special provision is otherwise made by law." It seems to me quite clear that this order is within one of the exceptions of the section quoted, as it is made to " stay proceedings " under a " judgment appealed from." A motion for a reargument, or to amend the remittitur, is an incident to the remedy of a party who seeks to rid himself of a judgment by appeal; and if a judge of this court could not, in the recess of the court, stay proceedings for more than 20 days, great inconvenience and injustice would follow. The section of the Code we are considering was drawn so as to exclude from the operation of the 20-days limitation on the power of a judge out of court all proceedings under judgments or orders from which appeals had been taken. The order staying proceedings herein must be held valid. Having reached this conclusion, it precludes me from treating this as a motion upon notice for a stay, and considering the suggestion of respondent's counsel that it should only be granted on condition that the judgment below be perfected and duly secured on appeal.

Motion denied, but, under the circumstances, without costs.