# CHICAGO, R. I. & P. RY. CO. v. CLARK.

## No. 4347. Opinion Filed May 11, 1915.

### (148 Pac. 998.)

**TRIAL—Contributory Negligence—Instructions—Cure of Error.** In an action against a railroad company to recover damages for personal injuries, loss of team, and damages to wagon and harness, where the defense of contributory negligence, is specially pleaded, and there is evidence tending to support it, an instruction setting forth a hypothetical statement of facts, which, if found to be true by the jury, would entitle the plaintiff to recover, without mentioning the question of plaintiff's contributory negligence, and without regard as to whether or not he directly contributed to the accident, is error, and is not cured by another instruction dealing with the question of plaintiff's contributory negligence; the two instructions being conflicting and confusing (following Oklahoma Railway Co. v. Milam, 45 Okla. —, 147 Pac. 314.)

(Syllabus by Dudley, C.)

*Error from District Court, Stephens County;*

*J. T. Johnson, Judge.*

Action by M. N. Clark against the Chicago, Rock Island & Pacific Railway Company, a corporation. Judgment for plaintiff and defendant brings error. Reversed and remanded.

*C. O. Blake, H. B. Low, R. J. Roberts* and *W. H. Moore,* for plaintiff in error.

*Robert Burns,* for defendant in error.

DUDLEY, C. On May 23, 1911, the defendant in error, hereinafter referred to as the plaintiff, commenced this action in the district court of Stephens county, against the plaintiff in error, hereinafter referred to as the defendant company, to recover

damages for personal injuries, loss of team, and damages to his wagon and harness. The defendant company answered by general denial and a special plea of contributory negligence upon the part of the plaintiff. The issues were joined, and on March 11, 1912, the case was tried, resulting in a judgment in favor of the plaintiff for the sum of $1,000 and cost. From this judgment, the defendant company has perfected an appeal to this court.

Under the view we take of this case, it is not necessary to set out in detail the facts surrounding the accident, out of which this action grows, but a brief statement will be sufficient.

The main line of the defendant company runs north and south through the city of Duncan, and crosses the main street of the city, which runs east and west. West of the main line and north of Main street, the defendant company has two side or switch tracks, running north and south, one known as the switch track and the other as the house or elevator track. An elevator, known as the "Red Elevator," is located on the right of way of the defendant company, north of Main street and west of the elevator track. The Duncan Light & Ice Company is located on Main street, east of the main line. For some time prior to the accident, plaintiff had been buying cobs from the elevator and selling them to his customers in Duncan. On March 4, 1911, the plaintiff started from the ice plant to the elevator for a load of cobs, and on his way he crossed the first side or switch track, and got in between this track and the house or elevator track, and drove north toward the elevator, and, upon reaching a point which was used by him and others in connection with the elevator, started to cross the elevator track, and as he did so a tank car of the defendant company, coming from the south on this track, struck his team, resulting in the injuries complained of. This tank car, it seems, was in charge of an employee of the defendant company, and had been detached from a locomotive at a switch south of Main street, and sent down the house or elevator track

in a manner commonly known in railroad parlance as a flying switch. The plaintiff claims that, as he drove north between the two side tracks, his attention was called to an engine on the main line, which frightened his mules, and that, on account of the noise from this engine, he did not observe the approaching tank car until it got within a half car's length of him, and that he was unable to cross the side track before it struck his team. Some of the employees of the defendant company testified that they holloed and did all they could to apprise the plaintiff of the approaching tank car. They also testified of their effort to stop the car and prevent the accident. Other witnesses testified to having heard the railroad employees halloing to him, and that there was nothing to prevent him from observing the approach of the tank car had he looked south, but that he did not look south after he started north toward the elevator.

There is but little controversy as to the rate of speed of the tank car at the time it struck the plaintiff, and it is fair to assume from the evidence, that it was not exceeding 15 miles an hour. The evidence also shows that there was a roadway of some kind between the two side tracks, going north toward the elevator, and that there was a dirt crossing on the elevator track, north of the elevator, which was used by the elevator and its customers. However, the crossing on this track at the point where the accident occurred was not a public crossing in any sense.

It was the theory of the plaintiff that, at the time of the accident, he was at a place where he had a right to be, by invitation of the defendant company; and that the accident occurred and he sustained the injuries complained of, due solely to the negligence of the defendant company, (1) in detaching the tank car from the locomotive and sending the same down the house or elevator track or switch at a dangerous rate of speed, without a lookout on the front of said car, or any one in charge thereof to give warning of danger, and (2) in using and operating the

tank car and making the flying switch at a greater rate of speed than 15 miles per hour, in violation of the ordinance of the city of Duncan.

Upon the other hand, it was the theory of the defendant that the plaintiff was a mere licensee, and that he drove his team upon its side track, without looking to observe the approach of cars, at a time and under circumstances which would put a reasonably prudent man upon notice of danger, and that it had employees in charge of the tank car, at the time of the accidennt, who did all they could to prevent the accident, and that the tank car was not being operated at a rate of speed in excess of that prescribed by the ordinance of the city of Duncan, and that the plaintiff received the injuries complained of on account of his own negligence and due to no fault of its servants, agents, or employees.

These two theories were clear and clean-cut, and it was the

duty of the trial court to submit them to the jury under appropriate instructions.

The defendant company assigns as error the action of the trial court in giving instructions Nos. 5 and 6, which are as follows:

Instruction No. 5: "You are further instructed that if you find and believe from the evidence, by a preponderance thereof, that the plaintiff's team and wagon were struck by the oil tank car of the defendant company, and that such striking of said team and wagon by said car was the direct result of the negligence of the employees of the defendant company in operating the locomotive and oil tank car of the defendant company in throwing its switches and causing said car to run in and upon the side track of the defendant company, at a dangerous rate of speed and without being properly controlled and guarded, and that said team was injured and killed and the wagon and harness were damaged, and that the defendant (plaintiff) received personal injuries, and you so find from the evidence, it will then be your duty to return a verdict in favor of the plaintiff."

Form No. 13

Instruction No. 6: "In this case, the defendant railway company in their answer allege that, if the plaintiff was injured, the said injury was caused by plaintiff's negligence and want of care in attempting to cross the railroad track without looking for approaching trains. In this connection the court instructs you that the law imposes the duty upon a person about to cross a railroad track to look in both directions for approaching trains; and if you find from the evidence that the plaintiff in this case did not do so, and you should further find from the evidence that his failure to look for the oncoming cars proximately contributed to the accident, then the court instructs you that the plaintiff is guilty of negligence and the verdict should be for the defendant."

It contends that instruction 5 is erroneous for the reason, among others, that the court overlooked the question of the plaintiff's contributory negligence, and that, on account of this fact, the giving of this instruction was prejudicial error, notwithstanding the fact that the court in instruction No. 6, deals with the question of plaintiff's contributory negligence, and, in support of this contention, cites the opinion of this court, by Justice Brown, in the case of *Oklahoma Railway Co. v. Milam,* 45 Okla. —, 147 Pac. 314, wherein it was held:

"1.   Trial—Instructions Ignoring Defense. In an action against a street railway company to recover damages for the death of a person killed by the railway company's car within the city limits, and wherein contributory negligence on the part of the deceased is pleaded as a defense, and there is evidence tending to sustain such defense, an instruction which ignores the defense of contributory negligence and tells the jury that the operation of defendant's car, at a rate of speed exceeding the city speed limit, is negligence *per se,* and, if such negligence is the proximate cause of the injury, the defendant will be liable, is reversible error."

"2.   Appeal and Error—Trial—Instructions—Cure of Error. Such error was not cured by another instruction, which tells the jury, in substance, the defendant will not be liable, if the deceased was guilty of contributory negligence in going upon the defendant's car track in front of the approaching car, which struck him,

unless the doctrine of the last clear chance applies. The two instructions are confusing, and it is uncertain which the jury will follow, and, when the evidence is conflicting, a verdict and judgment for either party, under such conflicting instructions, should be reversed."

Instruction No. 5 contains a hypothetical statement of fact, which, if found to be true by the jury, would entitle the plaintiff to recover, without regard to whether or not the plaintiff, by his own negligence, directly contributed to the accident. The defense of contributory negligence was specially pleaded, and there was evidence tending to support it, and it was therefore the duty of the trial court, in giving instruction No. 5, to call the jury's attention to this defense, in some appropriate way, and its failure to do so is error, notwithstanding the fact that the question of plaintiff's contributory negligence was called to the jury's attention in instruction No. 6, measured by the rule announced by this court in the case of *Oklahoma Railway Co. v. Milam, supra.* We therefore conclude that the court committed prejudicial error in giving instruction No. 5, and the judgment of the trial court should be reversed, and the case remanded.

Other assignments of error are urged: but, in view of the conclusions reached, we do not deem it necessary nor advisable to consider them.

By the Court: It is so ordered.