**BELL v. MILLS et al.**

No. 4264—Opinion Filed May 9, 1916.

Rehearing Denied July 25, 1916.

(158 Pac. 1173.)

**1. Witnesses—Competency — Testimony as to Transactions with Persons Since Deceased.**

Under section 5049, Rev. Laws 1910, a freedman Creek allottee is not competent to prove an alleged conversation with her grantee, then dead, tending to show that her deed, executed upon sufficient consideration, and after she became of age, was given in ratification of former void deeds, taken during her minority.

**2. Deeds—Indians—Indian Lands—Consideration of Deed—Sufficiency.**

A Creek freedman citizen who, subsequent to the taking effect of the Act of Congress of May 27, 1908, c. 199, 35 Stat. 312, while a minor, by deed void under the provisions of said act, attempted to convey her allotted lands, may, upon arriving at majority, convey said lands to the grantee named in her former void deed. Such later conveyance made when she is an adult, if regularly and voluntarily executed and without fraud or duress, is valid and binding upon her.

Generally mere inadequacy of consideration, in the absence of fraud or duress, is not sufficient ground to avoid a deed voluntarily and regularly executed, following Henley v. Davis, 57 Okla. 45, 156 Pac. 337.

(Syllabus by Galbraith, C.)

Error from District Court, Wagoner County; R. C. Allen, Judge.

Action by L. A. Bell against Harry N. Mills, and F. K. Condit intervenes. Judgment for defendant and intervener, and plaintiff appeals. Affirmed.

W. O. Rittenhouse, Jesse W. Watts, Chas. G. Watts, and Alvin F. Molony, for plaintiff in error.

S. V. O'Hare, for defendant in error Mills. Robt. F. Blair, for defendant in error Condit.

Opinion by GALBRAITH, C. This was a statutory action in the nature of ejectment, commenced February 20, 1909, in the district court of Wagoner county, by the plaintiff in error, L. A. Bell, against Harry N. Mills, to

recover the surplus allotment of Dora Colbert, a Creek freedwoman. The plaintiff, Bell, asserted claim to the land under a deed from the allottee dated September 6, 1907, Mills answered by a general denial, and F. K. Condit intervened in the suit alleging that Mills and his wife executed a note for $1,200 to Henry J. Clark and wife, and gave a mortgage on this land to secure the note; that he was the owner of the note and mortgage and that the same was past due and unpaid, praying for a foreclosure. The plaintiff replied, denying the validity of the mortgage and the right to have the same foreclosed, and asked that the same be declared void and canceled as a cloud upon his title. The cause was tried to the court and a jury, and a verdict returned for the defendant and intervener, on which verdict the court rendered judgment in favor of the intervener for the amount of his debt and for foreclosure of the mortgage lien, and directed an order of sale to issue if the amount of the judgment was not paid within six months from date, and against the plaintiff for costs. From this judgment an appeal has been duly prosecuted to this court.

There is no controversy as to the facts disclosed by the record. The land involved was the surplus allotment of Dora Colbert, a Creek freedwoman, who was born July 8, 1887, and therefore reached her majority on July 8, 1905. The act of April 21, 1904 (33 Stat. 204, c. 1402) removed the restrictions against alienation of the surplus allotment of adult freedmen. On August 8, 1904, the allottee executed a warranty deed for the land to one O. F. Parks, and on September 3, 1904, executed another deed for the premises to the same grantee, and on December 14, 1905, executed still another deed for the land to the same grantee. On August 4, 1905, Parks and wife conveyed the land to Noah M. Clark and Henry J. Clark, and on September 21, 1907, the Clarks conveyed to Mills, the defendant in error, and Mills and wife executed the note and mortgage set up by the intervener.

A number of errors are assigned by the plaintiff in error, and an elaborate and carefully prepared brief and argument has been filed in support of the same. The principal reliance for reversal is based upon an instruction of the trial court to the jury relative to the issues to be decided, and the giving of which it is claimed was prejudicial error; and error is also assigned to the ruling of the court in excluding certain evidence offered in support of the attack made upon the defendant's title to the land in controversy. It is admitted that the allottee was an adult and competent to convey the land on December 14, 1905, when she executed a third deed

to Parks. If this deed was valid, the allottee had no title on September 6, 1907, and therefore conveyed none to Bell by her deed of that date, under which he asserts title to the land.

In the instruction complained of the court submitted to the jury the issue whether or not the allottee was of age at the time of the execution of this third deed to Parks. It is argued that there was no competent testimony that the allottee was not an adult on December 14, 1905, and therefore this instruction amounted to a direction to the jury to find for the defendant. It may be true that this instruction was in effect a direction to the jury to return a verdict for the defendant. It is not clear that such a direction was not proper, inasmuch as there was no competent evidence tending to establish the fact that the deed of December 14, 1905, was not a valid conveyance. It is also objected to this instruction that it ignored the theory of the plaintiff in error and did not submit the same to the jury, that is, that this third deed to Parks was void because its execution was an attempted ratification of the prior void deeds taken during the minority of the allottee. It is sufficient to say in answer to this objection that the record does not show that the court was requested by the plaintiff in error to submit this theory to the jury, inasmuch as no instruction embodying this theory was requested. A., T. & S. F. R. Co. v. Jamison, 46 Okla. 609, 149 Pac. 195. The case was evidently prepared for trial on behalf of the plaintiff in error upon the theory that all three of the deeds from the allottee to Parks were void because executed during the minority of the allottee, but, when the testimony developed during the trial that the allottee was unquestionably of age when the third deed was executed, then for the first time the theory of ratification was advanced, and the claim was then made that this deed was also void because given in ratification of the prior void deeds. The testimony offered in support of this theory was alleged conversations between the allottee and Parks, who was then dead. The offer was to prove by the allottee that she had certain conversations with Parks to the effect that the deed of December 14, 1905, was taken in ratification of the former void deeds, given during her minority. Objection was made to this offer, that it was incompetent, irrelevant, and immaterial, and for the further reason that the person with whom the witness held the alleged conversations was dead. Although the objection as made was not to the competency of the witness, as it should have been, still the latter part of it was sufficient to call to the attention of the trial court the competency of the witness, as well as that of the testimony offered, under section 5049,

Rev. Laws 1910. The objection was sustained, and this ruling is assigned as error. This ruling does not seem to be error, since the statute made the allottee incompetent as a witness to testify as to the transaction had with her grantee, who was then deceased.

Henley v. Davis, 57 Okla. 45, 156 Pac. 337, was a case similar in many of its features to the instant case. The court, in sustaining a deed made by the allottee to the same grantee as that in her former deeds given during her minority, in part said:

"The only restriction upon the alienation of the allotted land of the plaintiff herein, imposed or continued in force by the act of May 27, 1908, was that which rendered her personally powerless to contract with relation thereto while a minor as defined by that act. After she became 18 years of age, as shown by the enrollment records of the Commissioner to the Five Civilized Tribes, that restriction was, ipso facto, removed, and that act having spent its force, so far as her allotment and its future disposition were concerned, became inoperative. The deed of June 2, 1910, is apparently a separate and independent conveyance, voluntarily made by the plaintiff, the execution of which was perhaps prompted by a sense of her moral obligation to the defendant. The land was then hers, free from all restraint upon alienation, and she could part with it to whomsoever she chose, upon any lawful consideration she saw fit to accept, or without consideration. When she thus conveyed it by proper deed for the recited consideration of '$1 and other valuable consideration,' such conveyance was binding upon her."

The deed of December 14, 1905, recited a consideration of "$15 and other good and valuable considerations." We are not inclined to disturb the verdict of the jury to the effect that this deed was a valid conveyance, inasmuch as it is supported by the evidence and is not contrary to law.

The judgment appealed from is affirmed, and the former opinion filed herein is withdrawn.

By the Court: It is so ordered.