## KANSAS CITY, M. & O. R. CO. et al. v. McDANIEL.

No. 7234—Opinion Filed June 12, 1917.

(165 Pac. 1144.)

### Trial — Injury Near Track — Instructions — Contributory Negligence.

In an action against a railroad company to recover damages for personal injuries and damages to team, wagon, and harness, where the defense of contributory negligence is specially pleaded, and there is evidence tending to support it, an instruction setting forth a hypothetical statement of facts, which, if found to be true by the jury, would entitle the plaintiff to recover, without submitting the question of plaintiff's contributory negligence and without regard as to whether or not his negligence contributed to the accident, is error.

(Syllabus by Rummons, C.)

Error from District Court, Major County; James W. Steen, Judge.

Action by William McDaniel against the Kansas City, Mexico & Orient Railway Company, a corporation, and others. Judgment for plaintiff, and defendants bring error. Reversed and remanded.

John A. Eaton, Dudley W. Eaton, Hyden J. Eaton, and F. W. Fischer, for plaintiffs in error.

Jno. V. Roberts and C. B. Wood, for defendant in error.

Opinion by RUMMONS, C. The defendant in error, plaintiff below, in this action seeks to recover from the plaintiffs in error, defendants below, damages for injuries inflicted upon him and upon his team, buggy, and harness in a railway crossing accident. Plaintiff in his petition charged that the defendants negligently operated their train over and across the highway upon which plaintiff was traveling without ringing the bell or blowing the whistle while approaching said crossing and at a high and dangerous rate of speed, and that by reason of so negligently operating said train, it ran into the buggy driven by the plaintiff upon said crossing and inflicted the injuries for which plaintiff seeks damages. The defendants answered, denying generally the allegations of the petition, and pleading contributory negligence on the part of the plaintiff. Plaintiff had judgment, and defendants, having unsuccessfully moved for a new trial, bring this proceeding in error to reverse such judgment.

The issues presented to the jury upon the evidence in this case were the negligence of the defendants in failing to ring the bell or blow the whistle while approaching the crossing and the contributory negligence of the plaintiff in failing to stop, look, and listen for the approach of a train before. driving across the railway track. The only error assigned by the defendants which we deem it necessary to consider complains of the giving of instruction No. 9, given by the court to the jury. Said instruction is as follows:

"You are instructed that under the law of this state the defendant is bound by its servants to ring the bell or sound a whistle at a distance of at least 80 rods from the place where its railroad crossed the public highway. You are further instructed that, if you believe from the evidence that the defendant by its servants neglected to ring the bell or sound the whistle at a distance of at least 80 rods from the place where its railroad crossed the highway, at which it is alleged plaintiff was injured by collision with defendant's train, then and in that event the defendant would be guilty of negligence, and if you further find that such negligence was the proximate cause of plaintiff's injuries, then and in that case you should find for the plaintiff."

It is urged by the defendants that this instruction is erroneous in that it does not submit to the consideration of the jury the contributory negligence of the plaintiff, and that the omission to submit such issues to the jury is not cured by any other instruction given by the court. The only instructions given by the court upon the question of contributory negligence are instructions Nos. 6, 8, and 12, which are as follows:

"(6)    While it is incumbent upon the plaintiff to prove to your satisfaction by a preponderance of the evidence the allegations of his petition, he is not required to prove that he was free from negligence; that the defense of contributory negligence pleaded by the defendant must be proven to your satisfaction by a fair preponderance of the evidence to be valuable as a defense."

"(8)    You are further instructed that contributory negligence is negligence as hereinbefore defined on the part of the plaintiff which contributes to the accident or injuries complained of."

"(12)    You are instructed that as between the plaintiff and the train, by reason of the character and momentum of the train and the requirements of public transportation by means thereof, the train had the right of way at the railroad crossing where the accident occurred. It was the duty of the plaintiff before attempting to cross the railroad to use reasonable diligence by looking and listening to ascertain whether the train was approaching the crossing, and if he knew, or by the exercise of such diligence could have known, of its approach, it was his duty to not attempt to cross the railroad track until the train had passed, and you are further instructed that the engineer and fireman upon giving the proper signals and timely warning of the train's approach had the right to presume that the plaintiff was in possession of his natural faculties and senses, and that he would not omit to take the precaution imposed upon him by law."

The court in its instructions defines negligence and proximate cause, and also in instruction No. 8 defines contributory negligence, but nowhere in the instructions given by the court does the court advise the jury as to what their verdict should be in the event they found that the plaintiff was guilty of contributory negligence. In the case of Chicago, R. I. & P. R. Co. v. Pitchford, 44 Okla. 197, 143 Pac. 1146, this court says:

"In an action for damages for personal injuries, where the defense of contributory negligence is interposed, and there is testimony fairly tending to establish such defense, instructions which wholly leave out of view the question of plaintiff's contributory negligence, and under which the jury, if they found certain facts to exist, would be bound to find for the plaintiff, although they might also believe the plaintiff by her negligence

contributed directly to the accident, are erroneous, and constitute reversible error."

In Oklahoma Railway Company v. Milam, 45 Okla. 742, 147 Pac. 314, this court says:

"In an action against a street railway company to recover damages for the death of a person killed by the railway company's car within the city limits, and wherein contributory negligence on the part of the deceased is pleaded as a defense, and there is evidence tending to sustain such defense, an instruction which ignores the defense of contributory negligence and tells the jury that the operation of defendant's car at a rate of speed exceeding the city speed limit is negligence per se, and, if such negligence is the proximate cause of the injury, the defendant will be liable, is reversible error."

It is further said in said case:

"Such error was not cured by another instruction which tells the jury, in substance, the defendant would not be liable if the deceased was guilty of contributory negligence in going upon the defendant's car track in front of an approaching car, which struck him unless the doctrine of last clear chance applies. The two instructions are confusing, and it is uncertain which the jury will follow, and when the evidence is conflicting, a verdict and judgment for either party, under such conflicting instructions, should be reversed."

In Chicago, R. I. & P. R. Co. v. Clark, 46 Okla. 382, 148 Pac. 998, this court says:

"In an action against a railroad company to recover damages for personal injuries, loss of team, and damages to wagon and harness, where the defense of contributory negligence is specially pleaded, and there is evidence tending to support it, an instruction setting forth a hypothetical statement of facts, which, if found to be true by the jury, would entitle the plaintiff to recover, without mentioning the question of plaintiff's contributory negligence, and without regard as to whether or not he directly contributed to the accident, is error, and is not cured by another instruction dealing with the question of plaintiff's contributory negligence; the two instructions being conflicting and confusing."

See Atchison, T. & S. F. R. Co. v. Jameson. 46 Okla. 609, 149 Pac. 195.

In the instant case the instruction complained of is more subject to criticism than the instructions are in Oklahoma Railway Co. v. Milam, supra, and Chicago, R. I. & P. R. Co. v. Clark, as in the instant case the court did not tell the jury what effect contributory negligence would have upon the plaintiff's right to recover. The instruction complained of told the jury that, if they found that defendants neglected to ring the bell or blow the whistle while approaching the crossing, as required by the statutes, the defendants were guilty of negligence, and that, if they found that such negligence was the proximate cause of the injuries sustained by the plaintiff, they must find for the plaintiff. The court did not in this instruction or in any other tell them what their verdict should be in the event they found that the negligence of plaintiff had contributed to the accident. In fact, nowhere in the instructions is the jury told that the contributory negligence of the plaintiff would be a defense to the action brought by him. The most that is said upon the subject by the court is that contributory negligence to be valuable as a defense must be proved by a preponderance of the evidence. There was evidence in the record from which the jury might have found that the plaintiff was negligent, and that such negligence contributed to the accident.

The giving of the instruction complained of constitutes reversible error, and the judgment of the court below should be reversed, and the cause remanded for a new trial.

By the Court: It is so ordered.