## EHRIG v. ADAMS.

No. 5077—Opinion Filed June 19, 1917.

Rehearing Denied Jan. 8, 1918.

(169 Pac. 645.)

(Syllabus.)

1. **Appeal and Error—Mandate — Recall—Jurisdiction—Rehearing.**

As a general rule this court will not recall its mandate after the same has regularly issued and judgment entered thereon in the lower court, in the absence of fraud, accident, or inadvertence. However, it has the power, and, in a proper case, will recall the mandate, notwithstanding the term of this court at which same issued has expired. The judgment reversing this case and ordering a new trial, through inadvertence, was based upon an act of Congress which had been repealed; the case not having been finally disposed of in the lower court, the relations of the parties not having changed, and the rights of third parties not being involved, it was proper to recall the mandate and to permit the filing of a petition for rehearing.

2. **Indians — Alienation — Title — Act of Congress.**

Crockett, a Chickasaw Indian, in July, 1907, prior to the removal of restrictions against the alienation of the land in controversy, executed a deed to B. In 1910, after the removal of such restrictions, he executed a second deed to B. for a consideration of $1 and the consideration mentioned in the former deed. Held, the deed in 1910, under the provisions of Act Cong. May 27, 1908, c. 199, 35 Stat. 312, passed title, notwithstanding the former deed was void.

Sharp, C. J., and Miley, J., dissenting.

Error from District Court, Marshall County; Summers Hardy, Judge.

Action by Charles Ehrig against J. Frank Adams. Judgment for defendant, and plaintiff brings error. On rehearing. Order and opinion reversing the case set aside, and judgment of the lower court affirmed.

Rider & Hurt, for plaintiff in error.

McPherren & Cochran and Kennamer & Coakley, for defendant in error.

OWEN, J. An action brought in the district court of Marshall county by plaintiff in error against defendant in error to quiet title and recover possession of a tract of land allotted to Crockett, a Chickasaw Indian, under whom both parties claim. In July, 1907, prior to the removal of restrictions against the alienation of this land, Crockett executed a deed to Bratton, the grantee of the defendant in error. In July, 1910, after the removal of restrictions against alienation, Crockett executed a second deed to Bratton, reciting a consideration of $1 and the consideration received under the former deed. The plaintiff contended the second deed from Crockett to Bratton, based on the consideration received under the former deed, was void, and claimed title from Crockett through a deed executed in July, 1908, but not placed on record until after the second deed to Bratton. Judgment below was for the defendant. Plaintiff appealed. An opinion was filed reversing the cause. The mandate issued and judgment was entered thereon in the lower court. An order was made withdrawing the mandate, and a petition for rehearing was filed by the defendant in error.

The plaintiff in error in opposing this petition urges that this court lost jurisdiction of the case when judgment was rendered in the lower court upon the mandate, and, a term of this court having expired, this court was without authority to recall the mandate.

The general rule is that appellate courts will not recall the mandate after it has regularly issued and been transmitted to the lower court, in the absence of fraud, accident, or inadvertence. In some states the power or authority to do so is limited by statute to the term at which the mandate issues. Our attention has not been called to any limitation in the Constitution or statutes of this state upon the power of this court to recall its mandate. The power of the trial courts to modify or set aside their judgments is limited by statute, but no reference is made to this court in such limitations. The rule is one of courts and not of law. The Supreme Court of Washington in the case of State v. County Commissioners, 61 Wash. 684, 112 Pac. 929, said:

"Courts of original jurisdiction generally have the power, for some time after a judgment has been rendered, to set it aside or modify it as legal circumstances may require. The time within which this may be done depends either upon the statute or upon the common practice of the courts."

In the case of Thomsen et al. v. Cayser et al., 243 U. S. 66, 37 Sup. Ct. 353, 61 L. Ed. 597, Ann. Cas. 1917D, 322, in an opinion filed March 6, 1917, the Supreme Court of the United States in overruling a motion to dismiss, based upon the action of the Circuit Court of Appeals in recalling its mandate after judgment had been entered in the lower court and the term had expired, said:

"A writ of error from the federal Supreme Court to review a judgment of reversal with instructions to dismiss the complaint which a Circuit Court of Appeals had entered on rehearing after it had recalled its mandate, previously issued, ordering a new trial, and had set aside the judgment of the court below, need not be dismissed, either because the trial court had theretofore entered judgment on the original mandate, and had adjourned for the term without any application made to recall such judgment, or any writ of error to review such judgment sought. * * *"

To the same effect is the case of Franklin Bank Note Co. v. Mackey, 158 N. Y. 683, 51 N. E. 178, where a motion was made to vacate an order recalling the mandate after the same has been filed and judgment entered thereon in the lower court. In that case the Court of Appeals said:

"It is often erroneously assumed that after the filing of the remittitur in the court below, and order entered thereon, this court is deprived of all jurisdiction in the cause. In Sweet v. Mowry, 138 N. Y. 650 [34 N. E. 388], a motion for reargument was granted and a return of the remittitur requested. These acts of the court were held to be in resumption of jurisdiction. * * * It is competent for this court to determine whether it will resume jurisdiction for any purpose, and, having decided to do so, it then requests the court below to return the remittitur."

In the case of St. Paul Fire & Marine Insurance Co. v. Peck, 40 Okla. 396, 139 Pac. 117, this court, after quoting the rule announced in the case of Thomas v. Thomas, 27 Okla. 801, 109 Pac. 825, 113 Pac. 1058, 35 L. R. A. (N. S.) 124, 133, Ann. Cas. 1912C, 713, said:

"That is undoubtedly the correct rule, However, in the case at bar the decision and judgment of this court was a mistake or inadvertence and comes within the exception, for by inadvertence and mistake in the opinion the statute is quoted as reading: 'The county court shall have * * * exclusive original jurisdiction in all sums in excess of two hundred dollars, exclusive of interest,' when in fact the statute provides: 'The county court shall have * * * exclusive original jurisdiction in all sums in excess of two hundred dollars and not exceeding five hundred dollars.' "

The practice of this court has been to recall its mandate where the facts justify it. Garland v. Union Trust Co., 49 Okla. 654, 154 Pac. 676. It appears that the case had not been finally disposed of in the lower court at the time the mandate was recalled. Judgment had been entered on the mandate granting a new trial, but the pleadings had been amended by leave of the court and the cause was pending on the amended pleadings. The relations and rights of the parties had not changed, and no rights of third persons had intervened. The judgment of this court, reversing the lower court, appears to have been based upon the construction of the terms of the act of Congress of April 26, 1906 (34 Stat. L. 137, c. 1876), inadvertently overlooking the act of Congress of May 27, 1908 (35 Stat. L. 312, c. 199), under the terms of which the deed from the allottee to Bratton in July, 1910, must be construed. The act of 1908 operated as a repeal of the act of April 26, 1906. This was held by this court in the cases of Ma-Harry v. Eatman, 29 Okla. 46, 116 Pac. 935; Lewis v. Allen, 42 Okla. 584, 142 Pac. 384; Henley v. Davis, 57 Okla. 45, 156 Pac. 337; McKeever v. Carter, 53 Okla. 360, 157 Pac. 56. This inadvertence brings this case within the exception, and upon the state of the record, the order recalling the mandate was proper.

In the former opinion (152 Pac. 594), it was held that the deed from the allottee to Bratton in July, 1910, was void under section 19 of the act of April 26, 1906, assuming the second deed was in confirmation of the first because the principal consideration was the consideration for the first deed. Upon reconsideration, we conclude that the provisions of the act of 1906 had no application, and that the deed of July, 1910, is not to be construed under the provisions of that act. This deed must be construed under the provisions of the act of May 27, 1908. Section 5 of this act makes all deeds entered into prior to the removal of restrictions void. But the act contains no provision making a deed executed after the removal of restrictions void. There is no merit in the contention that the deed of July, 1910, was void for the reason that it was supported principally by the consideration received under the deed of 1907. There is no allegation of fraud or want of consideration. The second deed stands as an independent transaction. The allottee being of less than one-half blood, all restrictions upon his powers of alienation of this land were removed by the act of May 27, 1908. When he saw fit to convey this land to Bratton in 1910 for $1, he was at liberty to do so, without regard to his void deed made prior to this act. The fact that the Indian appears to have been sufficiently honest to recognize and remember the consideration which he had received under the void deed did not impose any restrictions upon his power to alienate. McKeever v. Carter, supra; Casey v. Bingham, 37 Okla. 484, 132 Pac. 663; Goat v. United States, 224 U. S. 458, 32 Sup. Ct. 544, 56 L. Ed. 841; Bell v. Cook (C. C.) 192 Fed. 597.

The order and opinion reversing this case will be set aside and the judgment of the lower court affirmed.

BRETT, RAINEY, and THACKER, JJ., concur. TURNER, J., concurs in the conclusion. MILEY, J., dissents. KANE, J., absent. HARDY, J., trial Judge below, did not participate.

SHARP, C. J. (dissenting). I desire to record my dissent from the opinion of the court, on the ground that this court is now without authority of law to set aside its former opinion.

Obviously, the cause is pending in the trial court, as the mandate from this court on the former opinion was issued, spread of record, and judgment entered thereon in said court. Not only this, but by leave of court the pleadings were amended and the case is now, presumably, awaiting trial in the district court. It is inconceivable to my mind that for the purpose of a trial or decision upon the merits of an action, such action may, at one and the same time, be pending in both a trial court and an appellate court. The opinion of the court appears to recognize the rule that an appellate court will not recall a mandate after it has been regularly issued, but refuses, or at least neglects, to observe it, for the reason that through alleged inadvertence this court failed to give effect to the act of May 27, 1908 (35 Stat. at L. 312). This the court should have done, and would had it not erred. It now proposes, in effect at least, to escape the consequence of its error by affixing to its former decision the gracious and charitable mantle of inadvertence, and by such means restore itself to its former jurisdiction. This it cannot legally do. There is no sound reason why the general rule of law in such cases should be departed from in this case. If in adopting the opinion of the commission, error was committed, as it seems was done, such error may be corrected, either in the trial court where the ac-

tion is now pending, or in this court on a second appeal.