### KINZER v. DAVIS.

No. 5212—Opinion Filed Sept. 18, 1917.

(167 Pac. 753.)

(Syllabus by the Court.)

1. **Indians—Allotment—Restrictions on Alienation—Repeal of Statute.**

The act of Congress, approved May 27, 1908 (35 Stat. 312, c. 199), entitled "An act for the removal of restrictions from part of the lands of allottees of the Five Civilized Tribes," is a revising act and repealed the provision contained in section 19 of the act of April 26, 1906 (34 Stat. 137, c. 1876),

making a deed void when executed in pursuance of a contract entered into prior to removal of restrictions.

### 2. Same—Conveyance—Validity.

Davis, an adult one-eighth blood Cherokee Indian, executed a deed to M. in 1904, prior to the removal of restrictions, and on the same day entered into a contract to convey the land in question to M. for $440, when the restrictions were removed, receiving $300 of this amount at the time. In August, 1908, after the removal of restrictions, he voluntarily executed another deed to M., and received $140. Held, the deed of August, 1908, under the provisions of the act of Congress of May 27, 1908 (35 Stat. 312, c. 199), passed title notwithstanding the first deed and contract were void; there being no allegation of fraud or duress.

Error from District Court, Craig County; Preston S. Davis, Judge.

Action by John W. Davis against E. B. Kinzer to try title to land allotted to plaintiff. Judgment for plaintiff, and defendant brings error. Reversed and cause remanded, with directions to enter judgment for defendant.

W. H. Kornegay, J. B. Furry, and E. C. Motter, for plaintiff in error.

Wm. P. Thompson, for defendant in error.

OWEN, J. This action was brought by defendant in error, John W. Davis, an adult Cherokee Indian of one-eighth blood, in the district court in Craig county, against plaintiff in error, to try title and recover possession of 40 acres of land allotted to defendant in error. Plaintiff in error claims title through a deed executed by defendant in error on August 12, 1908, to L. K. McGuffin. The facts present but one question. Did this deed convey the title to McGuffin, or was it void for the reason that Davis, the allottee, made a deed to McGuffin on August 8, 1904, prior to the removal of restrictions, and on that date entered into a contract with the said McGuffin by the terms of which he agreed to sell the land in question to McGuffin, when the restrictions were removed for a consideration of $440, at the time receiving $300 of this consideration?

It is urged by counsel that the deed of August 12, 1908, was void under the terms of the act of Congress of April 26, 1906 (34 Stat. L. 137). The lower court sustained this contention, and directed a verdict in favor of the defendant in error. The deed of August 12, 1908, is not to be construed under the terms of the act of April 26, 1906, but is to be construed under the act of Congress of May 27, 1908 (35 Stat. L. 312). That the last-mentioned act repealed the former is no longer open to dispute. MaHarry v. Eatman, 29 Okla. 46, 116 Pac. 935; Lewis v. Allen, 42 Okla. 584, 142 Pac. 384; Henley v. Davis, 57 Okla. 45, 156 Pac. 337; McKeever v. Carter, 53 Okla. 360, 157 Pac. 56; Ehrig v. Adams, 67 Oklahoma, 169 Pac. 645.

If the act of Congress of April 26, 1906, controlled, the second deed might properly be held void because of the contract entered into prior to the removal of restrictions; that act containing the express provision making such deeds void. The act of May 27, 1908, contains no such provision. It provides that all deeds and contracts made prior to removal of restrictions shall be void, but it also expressly provides that the lands allotted to Indians of less than one-half blood, "shall be free from all restrictions." Had it been the purpose of Congress to continue restrictions against selling in pursuance of a contract entered into prior to the removal of restrictions, a provision like that contained in section 19 of the act of April 26, 1906, would have been incorporated in the repealing act.

We are not unmindful of the rule urged by counsel to the effect that a void deed cannot be confirmed and that fraud which renders the original deed void taints and destroys a confirmatory deed. No such question is presented under the facts in this case; there being no allegation of fraud or duress. The first deed was void because it was prohibited by law and not from any fraud or duress. It was not an immoral contract, merely an illegal one. When the allottee executed the deed of August 12, 1908, there were no restrictions imposed by the law against his voluntary alienation of the land in question. He held the land free from all restriction against his voluntary conveyance. It appears that he had been advised by the United States Indian agent that his deed and contract entered into prior to the removal of restrictions were void, and that he was under no legal obligations to convey the land to McGuffin. Notwithstanding this information, he voluntarily sought McGuffin, and offered to execute the deed on payment of $140, the balance of the consideration mentioned in the contract. He was free at that time to do so. The proof shows that he was about 35 years of age, and no contention is made that he was not capable of fully understanding the effect of his deed. Upon the execution and delivery of the deed of August 12, 1908, title passed to McGuffin. Lewis v. Allen; Henley v. Davis, McKeever v. Carter; Ehrig v. Adams, supra.

The case of Alfrey v. Colbert, 168 Fed. 231, 93 C. C. A. 517, and the case of Nunn

v. Hazelrigg, 216 Fed. 330, 132 C. C. A. 474, cited by counsel, are not in point. In the first mentioned case the original deed was held to be void because executed by a minor and for a grossly inadequate consideration, the second deed was taken for a nominal consideration, and prior to the act of May 27, 1908. In the second mentioned case the deeds in question were executed prior to the act of May 27, 1908, and subject to the restrictions imposed by the act of June 30, 1902 (32 Stat. 500, c. 1323), commonly referred to as the Creek Supplemental Treaty.

The judgment of the lower court is reversed, and the cause remanded, with directions to enter judgment for plaintiff in error, defendant below.

All the Justices concur.