## CAMPBELL v. DANIELS.

No. 6121—Opinion Filed June 11, 1918.

(173 Pac. 517.)

(Syllabus.)

### Indians—Conveyance of Allotment—Title of Purchaser—Statute.

While a minor, D., a freedman citizen of the Cherokee Nation, prior to Act Cong. May 27, 1908, c. 199, 35 Stat. 312, made certain deeds to his allotted lands. After attaining his majority and subsequent to the time at which the mentioned act became effective D. executed new deeds to the grantee named in the original void deeds. Held, in an action by the allottee to recover the lands, that, there being no restriction on his power to alienate, in force at the time of the second set of conveyances, the deeds being regularly executed, and no equitable ground being urged for setting them aside, the grantee acquired the title thereto.

Error from District Court, Craig County; Preston S. Davis, Judge.

Action by Nathan Daniels against L. B. Campbell. Judgment for plaintiff, and defendant brings error. Reversed and remanded.

W. H. Kornegay, for plaintiff in error.

William P. Thompson, for defendant in error.

SHARP, C. J. The statement of the case as contained in the brief of counsel for plaintiff in error is very involved, though the animadversion directed at those "high in authority" is quite clear. From the brief of defendant in error we understand that the plaintiff, Daniels, a freedman citizen of the Cherokee Nation, executed to the defendant Campbell four deeds to certain lands allotted to him by virtue of his citizenship in the Cherokee Nation. Two of the deeds were made while Daniels was a minor; the latter two, or those of July 23, 1909, and September 2, 1909, respectively, were made after the allottee had attained his majority. (This appears to be conceded by counsel for defendant in error.) In order to avoid the effect of the latter deeds, it is urged that they were made for the same consideration named in the former deeds, and as a ratification of the conveyances attempted to be made while the allottee was laboring under the disability of minority. Counsel rely on that part of section 19 of the act of Congress of April 26, 1906 (34 Stat. 137, c. 1876), declaring void every deed executed before, or for the making of which a contract or agreement was entered into before, the removal of restrictions. Assuming that the evidence is sufficient to establish a contract or agreement such as contemplated by the foregoing statute, it does not follow that the conveyances of 1909 are thereby void. This, because the act referred to is not controlling on account of the subsequent act of 1908 (35 Stat. 312) which, it has been held, worked a repeal of section 19 of the act of April 26, 1906. Such has been the uniform holding of the court, as will be seen from the following opinions: MaHarry v. Eatman, 29 Okla. 46, 116 Pac. 935; Lewis v. Allen et al., 42 Okla. 384, 142 Pac. 384; Henley v. Davis et al., 57 Okla. 45, 156 Pac. 337; McKeever v. Carter et al., 53 Okla. 360, 157 Pac. 56; Catron v. Allen, 61 Okla. 306, 161 Pac. 829; Welch v. Ellis et al., 63 Okla. 158, 163 Pac. 321; Kinzer v. Davis, 64 Okla. 264, 167 Pac. 753, and other cases.

Being satisfied with the rule announced in these cases, we deem it unnecessary to attempt to amplify the reasons assigned for our former conclusions. The deeds of July and September, 1909, not being violative of any statute, and having been duly executed, and there being no equitable grounds urged for setting them aside, such deeds must be held to be valid and sufficient to convey the title to the lands described herein, belonging to the allottee Daniels.

The judgment of the trial court is reversed, and the cause remanded, with instructions to proceed in accordance with the views herein expressed.

All the Justices concurring.