**ELIZA, SEMINOLE NO. 84, et al. v. LACK et al.**

No. 20196. Opinion Filed Sept. 15, 1931.

A. M. Beets, O. K. Wetzel, and A. F. Porta, for plaintiffs in error.

R. J. Roberts, Biggers & Aldridge, Pryor & Stokes, B. B. Blakeney, Hubert Ambrister, Alvin Richards, and F. A. Calvert, for defendants in error.

HEFNER, J. This is an action by Eliza and others, Seminole Indians, against Ray W. Reed and others, to recover certain real estate located in Seminole county. The land originally constituted the allotment of Lusanna, a full-blood Seminole Indian, who died in March, 1911, and left as her only heir her father, Tommy, who was also a full-blood Seminole.

In May, 1911, Tommy conveyed the land to T. S. Cobb, who was at that time county judge of Seminole county. The deed was approved by B. F. Davis, special county judge. Cobb thereafter conveyed the land to Ray W. Reed. In 1916, Reed, without paying a new consideration therefor except the sum of $1, procured a deed to the land from Tommy, which deed was approved by A. S. Norvell, county judge of Seminole county, successor to T. S. Cobb.

Plaintiffs claim as heirs at law of Tommy, and base their cause of action on the theory that the deed from Tommy to Cobb was against public policy and void, and that the deed from Tommy to Reed is also void for the reason that it was given to cure a defect in the first deed and was not founded upon a new consideration.

The trial court sustained a demurrer to the petition and rendered judgment in favor of defendants. In our opinion the judgment is correct. We do not think it necessary to pass upon the validity of the deed from Tommy to Cobb, for, even though we should hold that deed void, it would avail plaintiffs nothing, as, in our opinion, under the former holdings of this court, the deed from Tommy to Reed was valid. It was a separate conveyance of his interest in the land, and it was properly approved by the duly elected county judge. It was not necessary to its validity that it be founded upon a new consideration.

In the case of Carey v. Bewley, 101 Okla. 236, 224 Pac. 990, a similar question was involved, and it was held that a second deed, executed under circumstances very similar to those in the case at bar, was valid although no new consideration was paid therefor. The third paragraph of the syllabus is as follows:

"Where full-blood Indian heirs executed a deed on May 15, 1906, which was void because not approved by the Secretary of the Interior in accordance with the Act Cong. April 26, 1906, and where such heirs execute another deed to the same person or his assignee, on December 11, 1911, and this deed is approved by the county court having jurisdiction of the estate of the deceased allottee, the last deed is not invalid because no new consideration was paid therefor."

Again, in the case of Ehrig v. Adams, 67 Okla. 157, 169 Pac. 645, this court said:

"Crockett, a Chickasaw Indian, in July, 1907, prior to the removal of restrictions against the alienation of the land in controversy, executed a deed to B. In 1910, after the removal of such restrictions, he executed a second deed to B. for a consideration of $1 and the consideration mentioned in the former deed. Held, the deed in 1910, under the provisions of Act Cong. May 27, 1908, c. 199, 35 Stat. 312, passed title, notwithstanding the former deed was void."

In the discussion of the case the court said:

"The allottee being of less than one-half blood, all restrictions upon his powers of alienation of this land were removed by the Act of May 27, 1908. When he saw fit to convey this land to Bratton in 1910 for $1, he was at liberty to do so, without regard

to his void deed made prior to this act. The fact that the Indian appears to have been sufficiently honest to recognize and remember the consideration which he had received under the void deed did not impose any restrictions upon his power to alienate."

The reasoning in the above cases applies to the facts in the case at bar. See, also, the following authorities: Crowe v. Warnarkee, 114 Okla. 153, 244 Pac. 744; Henley v. Davis, 57 Okla. 45, 156 Pac. 337; Bell v. Mills, 60 Okla. 72, 158 Pac. 1173; Catron v. Allen, 61 Okla. 306, 161 Pac. 829; Welch v. Ellis, 63 Okla. 158, 163 Pac. 321; Kinzer v. Davis, 664 Okla. 264, 167 Pac. 753.

The trial court committed no error in sustaining the demurrer to the petition, and the judgment is affirmed.

LESTER, C. J., CLARK, V. C. J., and CULLISON, SWINDALL. ANDREWS, McNEILL and KORNEGAY, JJ., concur. RILEY, J., absent.