**CAREY et al. v. BEWLEY et al.**

No. 11283—Opinion Filed April 1, 1924.

(Syllabus.)

**1. Indians—Deeds by Full-Blood Heirs—Approval.**

The approval of the Secretary of the Interior was not necessary to the validity of a deed executed on December 11, 1911, by full-blood Indian heirs, where the allottee died November 1, 1903, but the county court having jurisdiction of the settlement of the estate of the deceased allottee was the proper agency for the approval of such convey-

ance. (Section 9, Act of May 27, 1908, c. 199, 35 Stat. L. 315.)

**2. Same—Nonappearance of Grantors Before Approving Officer.**

The approval of a full-blood conveyance is not rendered invalid because the same was approved without the appearance of the full-blood Indian grantors before the county court as the time of the approval.

**3. Same—Curative Approval of Second Deed—Validity.**

Where full-blood Indian heirs executed a deed on May 15, 1906, which was void because not approved by the Secretary of the Interior in accordance with the act of April 26, 1906, and where such heirs execute another deed to the same person or his assignee, on December 11, 1911, and this deed is approved by the county court having jurisdiction of the estate of the deceased allottee, the last deed is not invalid because no new consideration was paid therefor.

Error from District Court, Mayes County; A. C. Brewster, Judge.

Action by Annie Carey, nee Cochran, and others against J. W. Bewley and others. Judgment for defendants, and plaintiffs bring error. Affirmed.

Asbery Burkhead and R. A. Wilkerson, for plaintiffs in error.

Graves & Seaton and H. L. Burris, for defendants in error.

COCHRAN, J. This action was filed by the plaintiffs in error to recover certain land which was allotted in the name of Lewis Cochran, a duly enrolled Cherokee Indian. The cause was called for trial and, after the attorneys for the plaintiffs had made the opening statement, upon the motion of the defendants, judgment was rendered for the defendants upon the pleadings and the opening statement by the plaintiffs. From this judgment the plaintiffs have appealed.

The action of the trial court in rendering judgment is attacked on the ground that the petition of the plaintiffs and the unequivocal admissions made in the opening statement are not such as to prevent a recovery by the plaintiffs. These unequivocal statements are in substance as follows: Lewis Cochran was enrolled as a full-blood Cherokee Indian and died November 1, 1902, and, after his death, the land in controversy was patented in his name. The plaintiffs, Annie Carey, Alsie Woodall, and Jackson Cochran, were the heirs of Lewis Cochran, and, as such, inherited the land in controversy. On March 15, 1906, these heirs deeded the land to Robert Pollock, and he deeded the same to H. M. Chestnut on No-

vember 30, 1908. On December 11, 1911, the plaintiffs executed another deed to the land in controversy to H. M. Chestnut, and also filed a petition in the county court of Cherokee county, Okla., for the approval of the deed of December 11, 1911. On January 16, 1912, an order was made by the county judge of Cherokee county approving the deed of December 11, 1911. On November 30, 1911, Chestnut deeded the land to T. H. Neal, who conveyed the same to J. D. Bewley on September 12, 1913, and the said J. D. Bewley now claims to be the owner of said lands by reason of said conveyances. It was alleged that at the time the original deed was executed by the plaintiffs to Robert Pollock, on May 15, 1906, the land could be conveyed only upon approval of the Secretary of the Interior, and that the deed, not having been so approved, was void; that the county court of Cherokee county had no jurisdiction to approve the deed of December 11, 1911, as the original deed to Pollock was made after the act of April 26, 1906, became effective, and before the act of May 7, 1908, and the county court was therefore without jurisdiction to approve it.

It was further alleged that the deed was void because the order of approval of January 16, 1912, was made without the appearance of the grantors before the county court, and also because no consideration was paid to the plaintiffs for the deed of December 11, 1911. While there is some controversy between the parties as to whether the deed of May 15, 1906, was void as to Alsie Woodall and Jackson Cochran, it is admitted that the deed was void as to Annie Carey, and for the purposes of this opinion it may be conceded that the deed was void as to all of the grantors, and conveyed no title whatever. The plaintiffs contend that the case is controlled by the case of Groom v. Dyer, 72 Oklahoma. 179 Pac. 12, and that the original deed having been executed after the act of April 26, 1906, became effective, such deed could only be approved by the Secretary of the Interior. The defendants in the instant case do not rely on the approval of the deed of May 15, 1906, but base their title on the deed of December 11, 1911. After the act of May 27, 1908, became effective, deeds thereafter executed by full-blood Indian heirs were no longer subject to approval by the Secretary of the Interior, but the power of approval was vested in the county courts of this state. Maharry v. Eatman, 29 Okla. 46,

116 Pac. 935; Hope v. Foley, 57 Okla. 513, 157 Pac. 727. The county court of Cherokee county, being the court having jurisdiction of the estate of Lewis Cochran, deceased, was therefore the proper agency to approve the deed of December 11, 1911.

The contention that the approval was made without the appearance of the grantors before the county court has been decided adversely to the contention of the plaintiff in Shell v. Canard, 95 Okla. 145, 218 Pac. 813.

It is next insisted that the deed of December 11, 1911, and the approval thereof by the county court are void because there was no new or further consideration for such deed, and there is cited the case of Baker v. Fox, 57 Okla. 544, 157 Pac. 340. The opinion in that case contains language tending to support the contention of the plaintiffs, but, on rehearing, the opinion was based entirely on the question of fraud, and the case is therefore not in conflict with the law announced in McKeever v. Carter, 53 Okla. 360, 157 Pac. 56. In Hope v. Foley, supra, the identical question here involved was passed on by this court, and it was held:

"From this fact we take it that proof of the payment of a present consideration is not essential to the validity of such conveyance, but the approval of the approving agency provided in the act renders the conveyance valid, although no consideration was paid or recited in the conveyance. The title to inherited land was in the heir, and the heir had the right to convey upon approval of the approving agency. We take it that, if he gave the land away and the proper agency approved the conveyance, the title would pass to the grantee, and the heir could not thereafter repudiate the conveyance". Henley v. Davis, 57 Okla. 45, 156 heir could not thereafter repudiate the con Pac. 337; McKeever v. Carter, 53 Okla. 360, 157 Pac. 56; Ehrig v. Adams, 67 Okla. 157, 169 Pac. 645.

The new deed of December 11, 1911, having been approved by the county court of Cherokee county, which was the court having jurisdiction of the estate of the deceased allottee, was a valid conveyance, although no new consideration was paid therefor and although the grantors were not present at the time of its approval. It is our opinion that the judgment of the trial court should be affirmed, and it is so ordered.

JOHNSON, C. J., and NICHOLSON, HARRISON, and MASON, JJ., concur.