## HICKS v. STATE OF INDIANA.

[No. 24,992.   Filed February 23, 1926.]

**1.  INDICTMENT.**—*Objection that indictment for driving automobile while intoxicated does not aver the place where driven may be made by motion to quash but not by motion in arrest of judgment.*—An objection that an indictment for driving an automobile while intoxicated does not aver the place where driven other than to charge that it was driven in the county

Hicks v. State—197 Ind. 294.

of the indictment may be made by a motion to quash but not by motion in arrest of judgment. p. 296.

2. INDICTMENT.—*Where a statute defines a crime and states what shall constitute a violation thereof, it is sufficient to charge the offense in language of the statute.*—Where a statute defines a crime and states what acts shall constitute a violation thereof, it is sufficient to charge the offense in the language of the statute. p. 296.

3. INDICTMENT.—*Indictment charging driving automobile while intoxicated sufficiently describes the place of the offense by alleging it was in the county.*—In an indictment for driving an automobile while intoxicated, it is sufficient to allege that the act constituting the crime was done in the county. p. 296.

4. CRIMINAL LAW.—*Finding of guilty cannot be based on inference drawn from another inference.*—A finding of guilty cannot be based on an inference drawn from another inference. p. 298.

5. AUTOMOBILES.—*Evidence held insufficient to sustain conviction for operating automobile while intoxicated.*—Evidence held insufficient to sustain conviction for operating an automobile while intoxicated. p. 298.

From Perry Circuit Court; *Fred A. Heuring,* Judge.

William Hicks was convicted of operating an automobile while intoxicated, and he appeals. *Reversed.*

*Oscar C. Minor,* for appellant.

*Arthur L. Gilliom,* Attorney-General and *Edwin Steers,* for the State.

WILLOUGHBY, J.—The appellant was indicted for operating an automobile while in an intoxicated condition. The charging part of the affidavit is as follows: "That on or about the 13th day of June, 1924, at the county of Perry, in the State of Indiana, one William Hicks did then and there unlawfully operate and drive a motor vehicle, an automobile, while in a state of intoxication, and was then and there under the influence of intoxicating liquor while driving said automobile, in violation of the laws of the State of Indiana." * * *

The appellant entered a plea of not guilty and was tried by jury and a verdict of guilty returned and that

he be fined in the sum of $10 and sentenced to forty days on the penal farm. From such judgment appellant appeals and assigns as error that the court erred in overruling his motion for a new trial, and that the court erred in overruling his motion in arrest. We will first consider the motion in arrest of judgment.

The motion in arrest of judgment is upon the ground that the indictment does not charge a public offense. Appellant says that the indictment is not sufficient because there is no averment as to where or what place he drove the automobile, and only says at Perry county, Indiana. This objection is not properly presented by a motion in arrest of judgment because it is, in effect, saying that the indictment is not sufficient because the offense is not described with sufficient certainty. That is a sufficient reason for quashing an indictment, but not for sustaining a motion in arrest of judgment. However, it may be said that this indictment is not open to that objection. It has been held that where a statute defines a crime and states what acts shall constitute a violation thereof, it is sufficient to charge the offense in the language of the statute. *Asher* v. *State* (1924), 194 Ind. 553; *Johns* v. *State* (1902), 159 Ind. 413, 59 L. R. A. 789. In indictments of this character, it is sufficient to allege that the acts charged were done in the county. *State* v. *New* (1905), 165 Ind. 571; *Keith* v. *State* (1883), 90 Ind. 89; *State* v. *Burgett* (1849), 1 Ind. 479. The court did not err in overruling the motion in arrest of judgment.

Under his motion for a new trial, appellant presents the question of the sufficiency of the evidence to sustain the verdict. Five witnesses testified on behalf of the state. The first witness testified that he saw an automobile standing at the side of the road or street and near it on the ground was a registration card and

on the card was the name of William Hicks, Tell City. The witness picked up the card and put it in the car. This witness says: "I didn't see defendant. He was not in the car. He was not driving the car. Never at that time saw him driving the car."

Another witness for the state testified that he saw a car which he thought was a one-seated Ford standing on the bank below the flour mills, a little below Taylor street in Cannelton. He says: "I never saw William Hicks on or about June 13, 1924. I saw Bud Weatherholt in the car. I know the defendant. He was not in the car. I never saw him operating the car. Never saw him at all."

Another witness testified: "I live in Cannelton. Lived there for about six years. Manager of flour mill in June, 1924. As I went to the mill about 7 o'clock I saw a car sitting below Taylor street between the mill and Bland street. There was a man in the car. It was not Bill Hicks. I cannot say personally who was in the car. The men tell me it was Bud Weatherholt. The car was at the edge of the street on the side next to the river. The first I saw of the defendant they were bringing him up the river bank. They put him in a car they had near the flour mill and went up Taylor street. I know Bill Hicks, the defendant. Never saw him in the car. Never saw him operating the car. Saw the officers bringing him up the river bank. They put him in Elmer Carr's machine. Didn't see defendant operating any machine."

Another witness for the state testified: "Remember seeing Bill Hicks the morning of June 13th. Saw the marshal and sheriff bringing him up. They got him almost in the edge of the water in a little bunch of willows and brought him up. They put him in jail. The marshal, myself and the sheriff put him in my car. He was not in a condition to know what he was doing.

A car sitting just at the front edge of Taylor street near the river between Washington and Taylor streets was a Ford roadster. I did not notice the ownership card in it. I didn't know what car it was or who afterwards claimed it. Never saw defendant driving the car. The sheriff brought him down in my machine. I drove my machine up with him. If he ever was operating any car while intoxicated, I didn't see it."

The city marshal of Cannelton testified: "On that day I saw defendant, William Hicks, at the river. Bud Weatherholt was at the edge of the river. They were about one hundred or one hundred and fifty yards apart. Couldn't see Bill from the bank and he had one foot in the water. The river was rising at that time. Saw the automobile of Hicks sitting below him. Looked at the car. Nothing in it. The ownership tag was in Bill Hicks' name. Drove Bill Hicks' car up and put it in front of the sheriff's stable. I think it stood there until one of the boys came and got it. We fined them. Bill didn't drive the car away after he got out of jail. Arrested him and took him to jail, fined him $15. Never saw Bill Hicks in the car at any time or driving it."

The evidence shows, in substance, that a card with the name of William Hicks, Tell City, on it, was lying on the street near a car. A man picked it up and put it in the car. The car was taken to the sheriff's stable and kept there until some boys came and got it. On the day this happened, William Hicks was found drunk down at the edge of the water in the river and was taken before an officer and fined for being drunk. There is no evidence whatever showing that he was operating the car that day at all, unless we can infer that the car standing near to where a card containing his name was, was his car. And that he drove it down to where it was standing and left it

there and that, while he was driving it, he was in a state of intoxication. In other words, in order to find defendant guilty on this evidence, we must build up a case entirely by inferences drawn from other inferences arising from the proof that a card bearing appellant's name was found near a Ford roadster at the front edge of Taylor street near the river. This cannot be done. *Howard* v. *State* (1923), 193 Ind. 599; *Wrassman* v. *State* (1921), 191 Ind. 399.

The verdict is not sustained by sufficient evidence. Judgment reversed, with instructions to sustain appellant's motion for a new trial.