## SOUERDIKE *v.* STATE OF INDIANA.

[No. 28,703. Filed December 17, 1951.]

*Paul Haywood,* of Bloomfield, for appellant.

*J. Emmett McManamon,* Attorney General and *George W. Hand,* Deputy Attorney General, for appellee.

BOBBITT, J.—Appellant was prosecuted by affidavit under Acts of 1939, ch. 48, §52(b), being §47-2001(b), Burns' 1940 Replacement. He was tried by the court, found guilty as charged, fined $25 and sentenced to the Indiana State Farm for a period of sixty days. The court also recommended that his driver's license be suspended for a period of 120 days.

The sole assignment of error is the overruling of appellant's motion for a new trial. Three grounds are alleged to support said motion.

*First:* Appellant contends that the court erred in overruling his motion for a continuance.

The affidavit upon which appellant was convicted alleged that appellant, on August 21, 1949, unlawfully drove a motor vehicle along a certain state highway in Greene County, to-wit: "State highway No. 54 about

1½ miles west of the junction of state highways No. 54 and No. 45 in said county and state," while he was under the influence of intoxicating liquor.

After a plea of not guilty and on the day of trial the court permitted the prosecuting attorney to amend the affidavit by interlineation by striking out the figures 45 and substituting the figures 445. Appellant contends that this amendment was improper; that it was an amendment in substance and changed the identity of the crime charged; that the effect of such amendment was to institute a new action against him and force him to go to trial on the same day it was filed, and that as a result of said amendment he was entitled to a continuance for the purpose of preparing his defense.

The granting of a continuance in a criminal case is a matter within the sound discretion of the trial court, and its ruling thereon will not be disturbed unless an abuse of this discretion is shown. *Connors* v. *State* (1915), 183 Ind. 618, 109 N. E. 757; *Rose* v. *State* (1941), 219 Ind. 44, 36 N. E. 2d 767; *Way* v. *State* (1946), 224 Ind. 280, 66 N. E. 2d 608.

The appellant contends that the amendment was one of substance and not of form.

The rule by which it may be determined whether an amendment to an affidavit or indictment is one of substance or form was stated by this court in *State ex rel. Kaufman* v. *Gould* (1951), 229 Ind. 288, 98 N. E. 2d 184, at p. 291, as follows:

> "If the defense under the affidavit as it originally stood would be equally available after the amendment is made, and if any evidence the accused might have would be equally applicable to the affidavit in the one form as in the other, then the amendment is one of form and not of substance."

"Substance" is that which is essential to the making of a valid charge of crime.[1] If the amendment is such that it is not essential to the charging of a crime, then it is not one of substance but one of form.

It is not essential to the charge of driving while under the influence of liquor to name the exact place within the county where the driving was done. *Hicks* v. *State* (1926), 197 Ind. 294, 296, 150 N. E. 759. It then follows that the number 45 as it appeared in the original affidavit was mere surplusage and not essential to the validity of the charge contained in the affidavit. A change in said number from 45 to 445 would not alter its character. It would still be surplusage and not essential to the validity of the charge.

No change was made in the name or identity of the defendant and the crime charged in the amended affidavit is exactly the same as it was in the original.[2] There is no showing in the record that the amended affidavit was based upon facts different from those alleged in the original affidavit or that it would require different evidence to refute it.[3] The defense under the original affidavit was equally available to appellant after the amendment was made and any evidence as to facts constituting the essence of the offense was equally applicable to the affidavit before and after amendment.[4] The change in the affidavit here did not relate to the essence of the offense

---

1 Carey v. Bewley (1924), 101 Okl. 235, 224 Pac. 990.

2 Acts of 1935, ch. 189, §1, p. 928; §9-1133, Burns' 1942 Replacement (1951 Supp.).

3 Way v. State (1946), 224 Ind. 280, 66 N. E. 2d 608.

4 State ex rel. Kaufman v. Gould (1951), 229 Ind. 288, 98 N. E. 2d 184.

and did not change the affidavit in any material respect. The amendment was one of form and not of substance. *Marshall* v. *State* (1949), 227 Ind. 1, 9, 83 N. E. 2d 763; *Webb* v. *State* (1924), 27 Okl. Cr. 104, 224 Pac. 991.

The appellant was not and could not have been harmed by the court's refusal to grant a continuance because of the amendment, and the court did not err in overruling appellant's motion for a continuance.

*Second:* Under the second and third grounds for a new trial appellant contends that because the place of the alleged crime was particularly described in the affidavit it must be substantially proven that the crime was committed at the place alleged in order to sustain a conviction. Appellant relies upon the rule regarding particular descriptions in larceny cases as enunciated in *Lewis* v. *State* (1887), 113 Ind. 59, 14 N. E. 892; *Hamilton* v. *State* (1877), 60 Ind. 193, 28 Am. Rep. 653.

We do not think the rule relied upon in these cases is applicable to the facts in the case at bar. If, in fact, there was any variance in proof in the case at bar, it was not such a defect as would prejudice the substantial rights of appellant, and it therefore was immaterial. *Lucas* v. *State* (1918), 187 Ind. 709, 121 N. E. 274.

It was proven with sufficient particularity that the appellant was driving, while under the influence of intoxicating liquor, on the highway alleged in the affidavit and within the county where he was tried and convicted. We think this is sufficient under the charge of the affidavit herein.

Finding no reversible error, the judgment of the trial court is affirmed.

NOTE.—Reported in 102 N. E. 2d 367.