Earl Dewayne HARTS, Appellant
(Defendant Below),

v.

STATE of Indiana, Appellee
(Plaintiff Below).

No. 3–482A85.

Court of Appeals of Indiana,
Third District.

Nov. 10, 1982.
Rehearing Denied Dec. 15, 1982.

Jack E. Roebel, Fort Wayne, for appellant.

Linley E. Pearson, Atty. Gen., Joseph N. Stevenson, Deputy Atty. Gen., Indianapolis, for appellee.

HOFFMAN, Presiding Judge.

On September 21, 1981, Earl DeWayne Harts was approaching a stoplight at the corner of Broadway and Taylor Street in Fort Wayne. Harts was driving his motorcycle in the westbound lane of Taylor when the light began to turn red. Some distance before the light, Harts abruptly slowed down and veered off the street to the left, entering a parking lot on the corner. Harts proceeded through the parking lot and exited without stopping onto Broadway and headed south in front of the traffic which now had the green light. Unfortunately for Harts the first car in line at the stoplight southbound on Broadway was a patrol car operated by Officer Hayden of the Fort Wayne Police Department.

Officer Hayden pulled Harts over in a parking lot off Broadway. As Officer Hayden was questioning Harts, he observed that Harts' breath smelled of alcohol, and that he was abusive and argumentative. Harts was requested to take a breath test and was apprised of the consequences of a refusal to take such test pursuant to IC 1971, 9–4–4.5–3 (Burns 1980 Repl.). Harts agreed to take the test, and Officer Hayden placed him in a "cage car" and proceeded to the City-County Building to administer the test.

During the trip downtown Harts stated that he was not going to cooperate in any way. At the City-County Building, Officer Hayden once again offered Harts a breathalizer test and advised him of the consequences of a refusal to submit to the test. Harts refused the test. A videotape was taken of this discussion with Harts and was introduced into evidence. At this time Officer Roberson, who operated the videotape machine, also asked Harts to submit to the test and advised him of the consequences. Harts again refused.

A hearing on Harts' refusal to submit to a breathalizer test was had on December 18, 1981, at which time Harts' driver's license was suspended for one year. This appeal results.

Appellant raises the following issues on appeal:

(1) whether the trial court erred in finding that probable cause existed for the police officer to stop and question appellant on the night in question;

(2) whether the trial court erred in finding that probable cause existed for the police officer to request that appellant submit to a breathalizer test;

(3) whether the trial court erred in finding that appellant's refusal to submit to a breathalizer test was certified on the proper form;

(4) whether the trial court erred in denying appellant's motion to dismiss on the ground that the information failed to state the location of the offense charged; and

(5) whether the State improperly or illegally amended the information to reflect the location of the offense after the hearing to suspend appellant's license.

■ At the outset it must be noted that appellant filed his motion to correct errors on the sixty-first day following the judgment in his hearing. Having filed his motion to correct errors late, he has failed to comply with Ind.Rules of Procedure, Trial Rule 59(C). Failure to file a timely motion to correct errors preserves no error for review by this Court. *Kelsey v. Nagy* (1980), Ind.App., 410 N.E.2d 1333; *White v. Livengood* (1979), Ind.App., 390 N.E.2d 696.

■ Appellant argues that justice will not be served if we allow a "mere technicality" to prevent us from reviewing this cause. He further argues that at any rate he could avail himself of the post-conviction remedies of Ind.Rules of Procedure, Post-Conviction Rule 2. This contention is meritless.

A hearing to determine whether a person refused to submit to a breathalizer test pursuant to Indiana's Implied Consent Statute, IC 9–4–4.5–3, is a civil hearing. *Hatch v. State* (1978), Ind.App., 378 N.E.2d 949; *Davis v. State* (1977), 174 Ind.App. 433, 367 N.E.2d 1163. Thus, P.C.R. 2 is not available

to appellant as such rule contemplates an action which is criminal rather than civil in nature. However, cognizant that these issues may arise again at a later date, they shall be addressed herein.

■ The first issue raised by appellant involves the existence of probable cause for the police officer to stop appellant on the night in question. The Supreme Court of Indiana has fashioned a test for just such a question: "whether the facts known ... at the time he [a police officer] stopped the car were sufficient to warrant a man of reasonable caution in the belief that an investigation was appropriate." *Luckett v. State* (1972), 259 Ind. 174, at 180, 284 N.E.2d 738, at 742. The court has imposed a duty on police officers to stop and investigate when they perceive a situation which poses possible hazards to motor vehicle traffic. *Miles v. State* (1966), 247 Ind. 423, 216 N.E.2d 847; *cf. Collett v. State* (1975), 167 Ind.App. 185, 338 N.E.2d 286.

In the case at bar the evidence clearly indicates that probable cause did exist. Officer Hayden witnessed the appellant abruptly slow his motorcycle, veer off the street, and then dart back onto the street without yielding to oncoming traffic. This type of erratic driving is sufficient to warrant a police officer's investigation including stopping and questioning the perpetrator.

■ Next, appellant argues that the police officer lacked probable cause to request that appellant submit to a breathalizer test. The existence of probable cause is a question dependent upon the facts in each case. However, this Court has composed a test to determine its existence in such instances: "[w]hether] 'reasonable grounds', *i.e.*, facts and circumstances known to the officer which would warrant a prudent officer to believe that the offense in question [driving under the influence] had been committed." *Bowlin v. State* (1975), 164 Ind.App. 693, at 694, 330 N.E.2d 353, at 355. Further, IC 9–4–4.5–4(a)(1) includes a list of factors[1]

1. IC 9–4–4.5–4(a)(1):

"(1) Did the law enforcement officer have probable cause to believe that the accused

which may be considered when determining whether probable cause exists to request a person to submit to a breathalizer test.

In the instant case appellant was observed driving erratically. Upon being questioned he became argumentative and belligerent. His breath smelled of alcohol. These are among the factors specifically included in IC 9–4–4.5–4(a)(1). Clearly there is sufficient evidence to support a finding of probable cause to request that appellant submit to a breathalizer test. *Clark v. State* (1978), 175 Ind.App. 391, 372 N.E.2d 185; *Davis v. State* (1977), 174 Ind. App. 433, 367 N.E.2d 1163.

■ The third issue raised by appellant concerns the form certifying his refusal to submit to the breathalizer test. Appellant contends that the State failed to prove that this form was supplied by the Commissioner of the Bureau of Motor Vehicles. IC 9–4–4.5–3(d) provides:

"If any person shall refuse to submit to such chemical test, pursuant to this chapter, he may be arrested and charged with such offense, and his current driving license shall be delivered to the judge of the court in which such charge is filed, *along with a certification of refusal to submit to chemical test on a form designed and furnished by the commissioner of motor vehicles.*" (Emphasis added.)

A similar argument was raised in an earlier case to which the Court responded:

"Finally, it is urged that the failure to deliver Bowlin's license to the court along with the certification of his refusal to take the test precludes the court from acting. The statute is directory in this regard, and the inability of an arresting officer to secure the defendant's driver's license does not preclude proceeding under the act."

*Bowlin v. State, supra,* 164 Ind.App. 693, at 695, 330 N.E.2d 353, at 356.

The defect complained of in the case at bar is mandated by the same provision that was discussed in *Bowlin.* The requirement of a form certifying appellant's refusal to submit to a breathalizer test will therefore also be construed as directory. Thus appellant is attempting to foist upon the State the burden of proving an element it is not required to prove.

We might be presented with a more troubling issue if there was not such clear evidence of appellant's refusal to submit to the test. In light of the overwhelming evidence, including the testimony of two officers and a videotape of the proceedings, the failure to supply the proper form would at most be harmless error.

The final two issues raised by appellant may be dealt with simultaneously. Appellant contends that the information was fatally insufficient in that it failed to state the location of the offense charged. Appellant also contends that the State illegally amended that information to reflect the location after the hearing to suspend his license.

■ These errors were not specified in appellant's motion to correct errors. Fail-

---

had committed the offense of operating a vehicle while intoxicated under IC 9–4–1–54? In determining this issue, the court may consider matters alleged in a sworn probable cause affidavit submitted by the law enforcement officer or other witnesses, or the sworn testimony of any witness made a matter of record. Such affidavit or testimony may contain statements of:

  (i) Erratic or unusual driving behavior;

  (ii) Appearance of accused when detained, such as watery or bloodshot eyes, flushed or pale face, expanded or contracted pupils of the eyes, condition of clothing;

  (iii) Behavior of accused when detained, such as his ability to speak, finger dexterity, steadiness on feet, ability to perform simple tests requiring normal coordination or balance;

  (iv) Odor of alcoholic beverages, presence of alcoholic beverage containers or controlled substances;

  (v) any other fact perceived by the law enforcement officer with reference to the accused or any report received from another person by the officer with reference to the accused, including reports of witnesses, physicians, psychiatrists. In the determination of probable cause, the court may consider photographs, tape recordings, both audio and video, and motion pictures taken of the accused for the purpose of illustrating his physical and mental condition at time of detention."

ure to specify an error in a motion to correct errors results in a waiver of that error. Therefore, no error has been preserved for review by this Court. Ind.Rules of Procedure, T.R. 59; *Krueger v. Bailey* (1980), Ind.App., 406 N.E.2d 665; *Stuteville v. Downing* (1979), Ind.App., 391 N.E.2d 629.

Even had appellant preserved this error, his argument is meritless. The Supreme Court of Indiana has held that the exact location of the offense is not essential when charging a person with driving under the influence of intoxicants. *Souerdike v. State* (1951), 230 Ind. 192, 102 N.E.2d 367; *Hicks v. State* (1926), 197 Ind. 294, 150 N.E. 759.

For the reasons stated above, the trial court is in all things affirmed.

Affirmed.

GARRARD, J., concurs.

STATON, J., dissents with opinion.

STATON, Judge, dissenting.

I dissent because this Court does not have jurisdiction of this appeal. The Majority has acknowledged:

> "At the outset it must be noted that appellant filed his motion to correct errors on the sixty-first day following the judgment in his hearing. Having filed his motion to correct errors late, he has failed to comply with Ind.Rules of Procedure, Trial Rule 59(C). Failure to file a timely motion to correct errors preserves no error for review by this Court."

Page 716. Yet, the Majority Opinion assumes jurisdiction of this appeal and affirms the judgment of the trial court. The Indiana Supreme Court Rules must apply to everyone equally. This includes the Indiana Court of Appeals. We are bound to follow the limitations of our jurisdiction. Ind. Rules of Procedure, Trial Rule 59(C) provides:

> "Time for filing: Service on judge. A motion to correct error shall be filed not later than sixty [60] days after the entry of a final judgment or an appealable final order. A copy of the motion to correct

error shall be served, when filed, upon the judge before whom the case is pending pursuant to Trial Rule 5."

As the Majority so aptly points out: "Failure to file a timely motion to correct errors preserves no error for review by this Court. *Kelsey v. Nagy* (1980), Ind.App., 410 N.E.2d 1333; *White v. Livengood* (1979), Ind.App., 390 N.E.2d 696." Page 716.

I dissent because the Majority Opinion completely ignores the Indiana Supreme Court Rules in affirming the judgment of the trial court. Instead of affirming the judgment of the trial court, it should have dismissed the appeal for lack of jurisdiction. The Majority can not create jurisdiction where none exists merely to expedite the disposition of what may be another appeal. These types of short-cuts are outside the Indiana Supreme Court Rules which bind the judiciary at all levels. If it were otherwise, the orderly procedure of litigation which assures an end to litigation at some point would be lost.

Chief Justice Richard M. Givan made this point quite clear in *State of Indiana v. Marion County Criminal Court, Division Three* (1978), 269 Ind. 46, 378 N.E.2d 833. He wrote:

> "This action was beyond the authority to exercise jurisdiction pursuant to TR. 59. In order to effectuate some semblance of order in our judicial process there must be an end to litigation. Were we to hold that the respondent had jurisdiction to enter this order on the date entered, a trial court's jurisdiction over matters formerly litigated in that court would never terminate. Thus once the time had passed for a motion to correct errors to be filed, and a ruling had been made on such motion, the trial court had jurisdiction to act under TR. 59 only to the extent of considering timely filed motions or belated motions ruled proper under PC. 2."

378 N.E.2d at 834.

Since this Court does not have jurisdiction of this appeal, it cannot affirm the judgment of the trial court and in dicta, decide the issues submitted. This Court has

no choice but to dismiss this appeal.[1] *Also see Hepp v. Hammer* (1982), Ind.App., 439 N.E.2d 735.

1.  "Although the distinction between a motion to dismiss and a motion to affirm has been clouded by decisions of both our appeal courts in recent years, there is basically a clear distinction between the two.

"A motion to dismiss is the appropriate remedy when the deficiency in the appeal is one which relates to the jurisdiction of the court or to the appellant's right to appeal. While a motion to affirm is the appropriate remedy where the deficiency relates only to some technical or procedural matter which precludes an effective consideration of the appeal on the merits, such as an ineffective brief, or no appellant's brief, or the omission of the transcript of the evidence from the transcript when the questions raised in the appeal pertain to the sufficiency of the evidence.

\*　\*　\*　\*　\*　\*

"However, if the distinction is clear as to whether the defect is jurisdictional or merely procedural, then a single motion to dismiss or to affirm the judgment would be the appropriate procedure and the alternative motion should not be used."

1 A. Bobbitt, *Indiana Appellate Practice and Procedure,* 532, § 4.