**Rodney OLLER, Appellant,**

v.

**STATE of Indiana, Appellee.**

No. 3–184A22.

Court of Appeals of Indiana, Third District.

Oct. 31, 1984.

---

John M. Kopack, Gilyan, Hanson & Ko-pack, Merrillville, for appellant.

Linley E. Pearson, Atty. Gen., John D. Shuman, Deputy Atty. Gen., Indianapolis, for appellee.

HOFFMAN, Judge.

Appellant was found guilty by a jury of operating a vehicle while intoxicated on October 28, 1983, and at the second stage of the bifurcated hearing, the jury found appellant to have had a similar conviction within the previous five years. Appellant was subsequently sentenced to two years imprisonment. Appellant raises the following five issues on appeal:

(1) whether the trial court erred when it failed to grant appellant's motion for mistrial after the State made certain remarks to the jury in its opening statement;

(2) the admissibility of appellant's breathalizer test results;

(3) whether the trial court erred when it allowed the State to amend the information at the close of its case-in-chief;

(4) the sufficiency of the evidence to support the conviction; and

(5) the admissibility of certain documents purporting to establish appellant's past driving record.

The facts relevant to this appeal are as follows. At approximately 12:30 A.M. on June 11, 1983, Officer Toth of the Merrillville Police Department, while driving southbound on Broadway (State Road 53), observed a man sitting on a motorcycle just off the road near the northbound lane of Broadway. After passing the vehicle, Officer Toth saw, through his rearview mirror, that the motorcycle had tipped over. Officer Toth made a U-turn to check on the driver, but the driver remounted the motorcycle and drove northbound on Broadway. Officer Toth paced the motorcycle as doing 50 miles per hour in a 35 miles per hour zone.

Officer Toth, using his red light and siren, stopped the motorcycle and the driver was identified as appellant. The officer noticed that appellant swayed as he walked, his clothing was in disarray, his speech was slurred, he smelled of alcohol, and he fumbled in his wallet while he was looking for identification. Officer Toth administered the toe-to-heel and finger-to-nose field sobriety tests which appellant failed.

Officer Toth took appellant to the Merrillville Police Department where he was given a breathalizer test. Appellant scored .13%. The test was administered by Toth, a certified breathalizer operator. Toth had followed the approved procedures as established by the State Department of Toxicology, and the machine and ampoules used in the test had been certified.

On June 15, 1983, an information was filed charging appellant with driving under the influence of intoxicating liquor. Because the State alleged that appellant had a

prior conviction under IND.CODE § 9–4–1–54(b), the information charged appellant with a Class D felony pursuant to the statute's provision that a Class A misdemeanor is enhanced to a Class D felony if the individual has a prior conviction occurring after June 30, 1978.[1]

During its opening statement, the State made the following remark:

"I will not keep you any longer, but I want you to keep one thing in mind: We would not be here today if those test results were under the legal limits."

At that time, after the jury had been taken out of the courtroom, appellant made a motion for mistrial arguing that the statement caused prejudice against the appellant. Appellant's motion was denied by the trial court, and in support of its ruling the court stated that the jury had previously been instructed that the opening statement was not evidence. In addition, the trial court found that the State intended to produce those test results as part of the evidence. Once the jury was brought back into the courtroom, the trial court admonished the jurors that opening statements are not evidence and the jurors are not to draw conclusions from them.

Our Supreme Court has previously addressed this issue of prosecutor comments in opening statement. In *Vanyo v. State*, (1983) Ind., 450 N.E.2d 524, at 526, the Court stated:

"It is well settled that the purpose of an opening statement is to inform the jury of the charges and the contemplated evidence. Its scope and content are within the sound discretion of the trial judge and a cause will not be reversed unless a clear abuse of discretion is shown.... Likewise, the granting of a mistrial is within the sound discretion of the trial court and its determination will be reversed only where an abuse of that discretion can be established.... If a jury is admonished by the trial court to disregard what has occurred at trial, or if other reasonable curative measures are

1. This section was repealed effective September 1, 1983. Now see IND.CODE § 9–11–2–3.

taken, no reversible error will ordinarily be found." (Citations omitted.)

Throughout his brief, appellant contends that the prosecutor's statements "aroused the passions of the jury." However, there was no showing that the jurors' passions were aroused nor that appellant was prejudiced. Furthermore, any possible error was cured by the court's subsequent admonition. Therefore, the trial court did not err when it failed to grant appellant's motion for a mistrial.

■ During the course of the proceedings, the State attempted to introduce appellant's breathalizer test results. The law in Indiana is that in order for the results of a breathalizer test to be admissible, three foundational elements must be laid:

1) that the test was administered by an operator certified by the State Department of Toxicology;

2) that the equipment used in the test was inspected and approved by the State Department of Toxicology; and

3) that the operator used techniques approved by the State Department of Toxicology. *Boothe v. State*, (1982) Ind.App., 439 N.E.2d 708; *Hartman v. State*, (1980) Ind.App., 401 N.E.2d 723.

■■ In order to lay the proper foundations for admission of the test results, the State offered the following:

Exhibit No. 1 is a letter from the State Department of Toxicology to the Merrillville Police Department stating in full:

"The following officers from your department attended and successfully completed the Chemical Tests for Intoxication School, December 14–18, 1981:

Donald S. Toth

Indiana University will issue these officers a certificate and a wallet identification card. The wallet cards are enclosed and the certificates will be mailed to you when ready.

All operators who have passed this course are certified by this department to operate breath test equipment under the provisions of House Enrolled Act No. 1165 of 1969, Senate Enrolled Act No. 459 of 1971, and according to the Regulations filed December 30, 1975."

Exhibit No. 2 is a letter certifying inspection and compliance on June 1, 1983, of the machine and ampoules used in appellant's breathalizer test. The letter was written by the Director of the State Department of Toxicology and was filed with the Lake Circuit Clerk of Courts on June 16, 1983.

Exhibit No. 3 is a copy of the State Department of Toxicology's approved method for conducting the breathalizer test, dated June 2, 1975.

In addition, the State offered Officer Toth's testimony that he had followed the Department of Toxicology's method.

On appeal, appellant argues that the breathalizer test results were improperly admitted. Appellant first contends that Exhibit No. 1 is not proper because the certificate referred to therein was not introduced at trial. However, the letter, in and of itself, is sufficient to establish that Officer Toth is a qualified operator.

Appellant also argues that although the inspection occurred on June 1, 1983, the certification of the results was not filed until June 16, 1983; thus at the time of appellant's breathalizer test on June 11, 1983, the machine and ampoules were not certified.

In IND.CODE § 9–4–4.5–6 the Director of the State Department of Toxicology is authorized to adopt rules concerning certification of chemical breath test equipment and operators.[2] The statute also states the evidentiary value of such certification:

"(c) The certificate or a certified copy of the certificate pertaining to chemicals and equipment constitutes prima facie evidence that the equipment and chemicals were inspected and approved in accord with the rules and regulations of

**2.** This section was repealed effective September 1, 1983. Now see IND.CODE § 9–11–4–5.

the department on the dates specified in them. The certificate or a certified copy of the certificate showing the equipment and chemicals were inspected and approved on a date within one hundred eighty (180) days before the date a breathalizer test was given constitutes prima facie evidence that the equipment and chemicals were in proper working order on the date the test was given. "(b) Certificates of inspection and approval of the equipment and chemicals issued by the department shall be filed by the department with the clerk of the circuit court in the county or counties in which the equipment and chemicals are used.... However, a failure to file a certificate does not invalidate any tests performed."

Here, the machine and ampoules were inspected on June 1, 1983. That date is less than 180 days prior to the date of appellant's test. There is no merit in appellant's argument that the failure to file the certificate until June 16 is fatal. It is clear the machine and ampoules were tested and approved on June 1, 1983.

Having dealt with appellant's attacks on the foundations of the breathalizer test, it is clear that the trial court committed no error in admitting the test results.

■ During the trial of this case, the State moved to amend the information by correcting the typographical error of "State Road 55" to "State Road 53." The motion was granted over appellant's objection. On appeal, appellant argues that the change was one of substance in that it changed an essential element of the charge.

However, our Supreme Court has ruled that it is not essential to the charge of driving under the influence of liquor to name the exact place within the county where the driving was done. In *Souerdike v. State*, (1951) 230 Ind. 192, 102 N.E.2d 367, the Court affirmed the trial court's grant of a motion to amend the charging affidavit on the date of trial, by changing the State highway number from "45" to "445." The Court ruled:

"The change in the affidavit here did not relate to the essence of the offense and did not change the affidavit in any material respect. The amendment was one of form and not of substance." 230 Ind. at 196–197, 102 N.E.2d at 368. *Also see, Harts v. State,* (1982) Ind.App., 441 N.E.2d 714.

IND.CODE § 35–34–1–5(c) allows an amendment in form at any time. Therefore, the trial court did not err in granting the State's motion to amend the information.

■ Appellant also raises the issue that the jury's verdict on this charge is not supported by sufficient evidence as to each material element necessary for conviction. On this issue, our Supreme Court has stated:

"In reviewing sufficiency of the evidence, this Court on appeal will not weigh the evidence nor judge the credibility of witnesses. We view only the evidence most favorable to the State and the reasonable and logical inferences drawn therefrom. If there is substantial evidence of probative value as to every element of the crime charged, the verdict will not be set aside." *King v. State,* (1984) Ind., at 460 N.E.2d 947, at 953.

There is no dispute whether appellant was operating a motor vehicle on a public highway on the date and time in question. As appellant's counsel stated at trial in his opening statement, "... the one key issue is ... whether the defendant ... was under the influence of alcohol when he operated his vehicle[.]"

The evidence most favorable to the State on this issue is as follows. After appellant was stopped by Officer Toth, the officer noticed that appellant was swaying and unsteady on his feet, his clothes were in disarray, his speech was slurred, he fumbled in his wallet when looking for identification, and appellant smelled of alcohol. Appellant failed the two field sobriety tests, whereupon he was taken to the Merrillville Police Department for the breathalizer test. Appellant scored .13% on the

test. At trial, the State presented evidence (which was properly admissible) of the breathalizer operator's certification, the equipment's certification, and the procedures followed by the operator.

IND.CODE § 9–4–1–54(g)(1) states that a breathalizer test result of .10% or more constitutes prima facie evidence that the individual was intoxicated.[3] In addition, the State introduced Officer Toth's observation as to appellant's condition.

As the breathalizer test results were properly admitted and the jury heard Officer Toth's personal observations, there is sufficient evidence on the issue to support the jury decision.

■■■ At the second stage of the bifurcated hearing to determine whether appellant had a prior conviction of driving while intoxicated in Indiana within the prior five years, the State brought the following exhibits:

Exhibit No. 6 is a photocopy of a preprinted fee book entry form with blanks provided for certain information. This particular entry is dated June 18, 1982, and had Cause No. 2C–82–4031. It names the appellant as the defendant therein, charging him with DUI. In a space addressed "MINUTES," the word "Guilty" is written. There are numerous blank spaces on the form, which provide essential information, the most notable being that no judge's signature appears in the provided blank, nor for that matter, anywhere on the form. The document is certified by the Lake County Clerk of Courts only as being a true and accurate photocopy of the document as it appears in the record in the Clerk's office.

Exhibit No. 5 is a photocopy of a similar form, dated July 6, 1981, and under Cause No. 1C–81–5370. It names the appellant as the defendant therein, charging him with Driving Under Influence of Liquor. In the "MINUTES" space the word "Guilty" is written. There are also numerous blank spaces on this form, which provide essential information, the most notable being the absence of a judge's signature in the space provided therefore or anywhere else. The document is likewise certified by the Clerk as being a true and accurate photocopy of the document in the Clerk's office.

Exhibit No. 4 is a computer printout of appellant's driving record obtained from the Bureau of Motor Vehicles and certified by the Commissioner of the Bureau.

Appellant objected to the admission of State's Exhibits Nos. 4, 5, and 6, arguing that they failed to establish a prior conviction.

It is the law in Indiana that a certified copy of one's driving record, attested as public records by the Commissioner of the Bureau of Motor Vehicles, is admissible. *Cunningham v. State,* (1982) Ind.App., 438 N.E.2d 308; *Warner v. State,* (1980) Ind. App., 406 N.E.2d 971. However, *Cunningham* and *Warner* also hold that such computer printouts are not by themselves adequate to prove prior convictions, because their entries are ambiguous and confusing. They do not show convictions, only arrests. But in *Cunningham,* the State brought an additional exhibit, a certified copy of "the abstracts of court convictions and suspensions of [defendant]." The exhibit showed prior convictions, the dates of conviction, the court which imposed the convictions, the county where it occurred, and the orders of suspension as a result thereof. The dates on the exhibit corresponded with the dates on the driving record. The Court held that this evidence, in addition to the driving record, was sufficient to establish a prior conviction of driving under the influence.

In the present case, the trial court properly admitted the computer printout of appellant's driving record. However, a review of State's Exhibits Nos. 5 and 6 reveal that they are not admissible as evidence to support the driving record. Exhibits Nos. 5 and 6 fail to establish prior convictions.

---

**3.** This statute was repealed effective September 1, 1983. Now see IND.CODE § 9–11–1–7.

The documents fail on their faces in that neither is signed by a judge. They are pre-printed forms which contain several unfilled spaces. There is no indication as to where or by whom the convictions were imposed. The "Guilty" entries are thus meaningless. The certification merely certifies that they are true copies of the copies of the actual record in the Clerk's office. It does not certify the value of the documents for purposes of proof. The trial court's admission of State's Exhibits Nos. 5 and 6 to prove appellant's prior convictions was error. Therefore, this Court reverses the decision of the trial court at this second stage.

The trial court's judgment is affirmed as to the conviction for driving under the influence. The finding of a prior, similar conviction is reversed, and the case is remanded to the trial court with instructions to re-sentence appellant in accordance with the statutory provisions.

Affirmed in part, reversed in part and remanded.

STATON, P.J., and GARRARD, J., concur.